UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICKY ANTONIO DAVIS, JR.,

    Petitioner,

v.                                                     Case No. 2:10-cv-182
                                                     HON. R. ALLAN EDGAR

GARY J. CAPELLO,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

       Petitioner Ricky Antonio Davis, Jr., filed this petition for writ of habeas corpus challenging the trial court's failure to allow him to withdraw his no contest plea. After the plea, Petitioner was convicted of third degree criminal sexual conduct. Petitioner asserts that his Fourteenth Amendment Due Process right was violated when he was prohibited from withdrawing his guilty plea prior to sentencing. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

       In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA,

an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the

habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Respondent argues that Petitioner only raised this claim as a state law claim in the Michigan courts and never asserted a constitutional due process claim until he filed this petition. Respondent argues that this claim should be dismissed for either lack of exhaustion or for failure to present a constitutional claim. Petitioner has not alleged that his plea was involuntary or unknowing at the time he made it. Petitioner simply asserts that the court erred at sentencing in not allowing him to withdraw his no contest plea and show his actual innocence. Petitioner raised this issue in the trial court and his motion to withdraw the plea based solely on state law was denied. The court, after holding a hearing on the matter, stated:

> This Court finds that the evidence of Defendant's guilt is overwhelming; not only did the victim identify Defendant as the perpetrator, but also Defendant's semen was found in her bed. Defendant has asserted an alibi defense that is not only inconsistent, but unreliable, in light of the overwhelming physical evidence identifying Defendant as the perpetrator of this crime. In addition, letters written by the Defendant (People's Exhibits 3 & 4) post plea demonstrate an effort by Defendant to at least unduly influence the testimony of witnesses Randolph and Alexander by reciting the events of the night in question, if not to encourage them to commit outright perjury. Therefore, this Court finds that Defendant has failed to demonstrate that withdrawal of the plea is in the interest of justice. In the staff comments to MCR 6.310(B)(1), "interest of justice" means "for any fair and just reason."
>
> Even assuming, arguendo, that Defendant has demonstrated that withdrawal is in the interest of justice, the Court must also find that withdrawal of the plea would not substantially prejudice the prosecutor because of reliance on the plea. In this case, the plea was entered on October 15, 2007, the day before trial was to commence. The Prosecutor was ready to proceed to trial, witnesses (including several experts) had been served and cleared their schedules to appear. In addition, at the hearing on the motion to withdraw plea, the Prosecutor asserted that the Victim was now older, reluctant to testify, and had threatened to run away. This Court would also note that the case had been pending since January, 2007; witnesses memories may be affected by the passage of time, thus having an impact on their ability to accurately relate the events in question. This Court finds that for the above reasons, the prosecution would also be substantially prejudiced by withdrawal of the plea.

After his conviction and sentence, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. Petitioner's application was based solely on a state law abuse of discretion standard and a claim of actual innocence based upon the fact that Petitioner apparently had gonorrhea at the time of the assault and the victim did not test positive for gonorrhea. The Michigan Court of Appeals denied leave to appeal and the Michigan Supreme Court also denied leave to appeal. Now, for the first time, Petitioner asserts that his due process rights were violated when the trial court denied his motion to withdraw his plea.

To the extent that Petitioner is raising a due process claim for the first time, such a claim is unexhausted and Petitioner still has an opportunity to file a motion for relief from judgment in the state courts to attempt to exhaust that claim. Moreover, Petitioner has made no attempt to develop a due process claim or distinguish his catchall due process language from the state law claims that he did pursue.

If Petitioner is simply attempting to appeal the denial of his state law claims, Petitioner's claims should dismissed. A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (1988).

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: May 1, 2013